## Cameron's Application.

*Feme sole trader—Husband and wife—Desertion—Resumption of common domicile—Practice, C. P.*

Where a wife presents a petition to be declared a *feme sole trader*, alleging desertion by her husband, but, pending the hearing, the husband returns and the common domicile is resumed, the court will refuse the petition, without prejudice to the right of the petitioner to renew the application should the future conduct of respondent warrant it.

Petition to be declared a *feme sole trader*. C. P. No. 5, Phila. Co., March T., 1922, No. 10209.

*D. J. Shern*, for plaintiff; *D. Phillips*, for defendant.

MARTIN, P. J., May 22, 1923.—Susan E. Cameron filed a petition, praying that she be declared a *feme sole trader*, setting forth that she was a resident of the City of Philadelphia and the wife of George T. Cameron; that she and her husband had lived apart for more than a year from May 20, 1921, and that he has not contributed to her support.

An answer was filed by the husband, in which his absence from the domicile jointly occupied as the home of him and his wife for the period of time alleged in the petition was admitted, but it was averred that he was driven from home by the treatment he received from his wife and children; that the wife has been receiving an income from some of the children; that the house in which she resided was purchased by him, and that he had paid the carrying charges.

The testimony produced at the hearing failed to disclose any justifiable cause for respondent abandoning his home, but it was proved that he has paid an order made by the Municipal Court for the support of two of his children, amounting to $6 per week.

It was disclosed that respondent returned to the common domicile of petitioner and him, at No. 2402 North 16th Street, on July 5, 1922, and that they have continued to reside in the same house from that time.

Respondent was absent from the domicile of petitioner for more than a year at the time the petition was filed, and failed to contribute directly to her support, but since the institution of this proceeding he has returned, and no reason has been presented indicating a necessity for declaring petitioner a *feme sole trader* at the present time, but, as the testimony indicates an excitable disposition on the part of the respondent which may lead him into conduct that will entitle petitioner to have the prayer of her petition granted, the petition should not be dismissed.

And now, to wit, May 22, 1923, the prayer of the petition is refused, without prejudice to the right of petitioner to renew the application should the future conduct of respondent warrant the application.